Dhargyal v. Lynch

BIA
Wright, IJ
A089 225 151

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

SONAM DHARGYAL,
> *Petitioner,*

v.                                          12-3420
                                            NAC

LORETTA E.LYNCH[1], UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Sonam Dhargyal, *Pro Se,* Woodside, NY.

---

[1] Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Sonam Dhargyal, a native and citizen of an unknown country, seeks review of a July 25, 2012, order of the BIA, affirming the March 1, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sonam Dhargyal*, No. A089 225 151 (B.I.A. July 25, 2012), *aff'g* No. A089 225 151 (Immig. Ct. New York City Mar. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as modified by the BIA, *i.e.*, minus the arguments for denying relief that were rejected or not explicitly relied on by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are

2

well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

By predicating the denial of relief solely upon the insufficiency of Dhargyal's identity-related documentary evidence, without regard to his testimony or the IJ's related credibility determination, the BIA erroneously deprived Dhargyal of the "potential benefit" of succeeding on credible testimony alone.  *See Diallo v. I.N.S.*, 232 F.3d 279, 287 (2d Cir. 2000); 8 U.S.C. § 1158(b)(1)(B)(ii).  While an applicant's "nationality, or lack of nationality, is a threshold question in determining his eligibility for asylum," *Dhoumo v. BIA*, 416 F.3d 172, 174 (2d Cir. 2005), an applicant may nevertheless demonstrate asylum eligibility through credible testimony alone.  *See Diallo*, 232 F.3d at 287; 8 U.S.C. § 1158(b)(1)(B)(ii).  Indeed, the BIA identified no authority in support of its implicit finding that an alien must meet his burden for asylum by demonstrating his nationality and citizenship through documentary evidence.  We therefore grant the petition for review and remand to the BIA for consideration of Dhargyal's testimony and the IJ's related credibility determination.  *See Urgen v. Holder*, 768 F.3d 269 (2d Cir. 2014) (granting similar petition).

3

We additionally note that, unlike eligibility for asylum, which is dependent upon an applicant demonstrating a well-founded fear of persecution in their country of "'nationality,'" *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528-29 (2d Cir. 2006) (quoting 8 U.S.C. § 1101(a)(42)), withholding of removal and CAT relief are "available as to . . . the proposed country of removal," *cf. Dhoumo*, 416 F.3d at 175 (discussing withholding of removal); *see* 8 C.F.R. § 1208.16(c)(3) (predicating eligibility for CAT relief on an finding that "it is more likely than not that [the applicant] would be tortured if removed to the *proposed country of removal*." (emphasis added)). Here, the IJ found that Dhargyal credibly established his Tibetan ethnicity, and we have held that an applicant may establish eligibility for withholding and CAT relief on the basis of objective evidence even though an applicant's claims of past mistreatment were found not credible. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Thus, to the extent that the IJ's finding of Dhargyal's Tibetan ethnicity is affirmed on remand, and China remains designated as a country of removal, the BIA must consider

4

his eligibility for withholding and CAT relief as to China irrespective of whether Dhargyal can establish Chinese citizenship.  *See Paul*, 444 F.3d at 156.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk